STUART DELERY
Assistant Attorney General
MELINDA L. HAAG
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
VICKEY L. QUINN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, CA  94102
Telephone: (415) 436-6645
Facsimile: (415) 436-6632
E-mail: vickey.l.quinn@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: |
| Plaintiff, | |
| vs. | |
| SOUTH HARMONY SHIPPING, INC.; PIONEER SHIP MANAGEMENT SERVICE LLC; SHIPOWNERS' INSURANCE AND GUARANTY COMPANY, LIMITED, | IN ADMIRALTY |
| | VERIFIED COMPLAINT OF THE UNITED STATES |
| Defendants. | |

VERIFIED COMPLAINT                1

Plaintiff, the United States of America, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a case of admiralty and maritime jurisdiction against Defendants SOUTH HARMONY SHIPPING, INC., PIONEER SHIP MANAGEMENT SERVICE LLC, and SHIPOWNERS' INSURANCE AND GUARANTY COMPANY, LIMITED, *in personam* (collectively "Defendants"), as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States expressly reserves the right to amend this Complaint to, *inter alia*, add additional parties and assert additional claims against such additional parties and the present Defendants herein.

## JURISDICTION AND VENUE

3. The United States is authorized to bring this suit and the Court has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.

4. Venue is properly in this Court pursuant to, *inter alia*, 28 U.S.C. §§ 1391 and 1395, and 33 U.S.C. § 2717.

5. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund (hereafter "Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*., to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims,

including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

## DEFENDANTS

6. At all times material herein, the oil tanker T/V DUBAI STAR (hereafter "DUBAI STAR" or the "Vessel") was a vessel, *inter alia*, believed owned by a foreign corporation and operated in the United States and at all material times hereto was within the jurisdiction of this Court with respect to the matter alleged in this Complaint.

7. At all times material herein, defendant SOUTH HARMONY SHIPPING, INC ("SOUTH HARMONY SHIPPING"), a foreign corporation or entity, presently believed to be headquartered in Dubai, United Arab Emirates, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including but not limited to, through the ownership or operation of the Vessel at the time of, and with respect to, the matters sued upon herein.

8. At all times material herein, defendant SOUTH HARMONY SHIPPING owned the Vessel.

9. At all times material herein, defendant SOUTH HARMONY SHIPPING operated the Vessel.

10. At all times material herein, defendant SOUTH HARMONY SHIPPING managed the Vessel.

11. At all times material herein, defendant SOUTH HARMONY SHIPPING chartered the Vessel.

12. At all times material herein, defendant SOUTH HARMONY SHIPPING controlled the Vessel.

13. At all times material herein defendant PIONEER SHIP MANAGEMENT SERVICE LLC ("PIONEER SHIP MANAGEMENT"), a foreign corporation or entity, presently believed to be headquartered in Dubai, United Arab Emirates, had a place of business and/or was doing business within this district and within the jurisdiction of this Court, including but not limited to, through the operation of the Vessel at the time of, and with respect to, the matters sued upon herein.

14. At all times material herein, defendant PIONEER SHIP MANAGEMENT owned the Vessel.

15. At all times material herein, defendant PIONEER SHIP MANAGEMENT operated the Vessel.

16. At all times material herein, defendant PIONEER SHIP MANAGEMENT managed the Vessel.

17. At all times material herein, defendant PIONEER SHIP MANAGEMENT chartered the Vessel.

18. At all times material herein, defendant PIONEER SHIP MANAGEMENT controlled the Vessel.

19. At all times material herein, defendant SHIPOWNERS' INSURANCE AND GUARANTY COMPANY, LIMITED ("SIGCO"), pursuant to information or belief, was doing business within the United States of America and within this district and within the jurisdiction of this Court, including, but not limited to, by insuring and/or providing evidence of financial responsibility and certain guarantees pertaining to liabilities incurred by or through the Vessel.

20. SIGCO has provided evidence of financial responsibility and certain guarantees pertaining to the Vessel; accordingly, the United States of America is entitled to bring its claims directly against said guarantor under 33 U.S.C. § 2716 (f).

21. At all times material herein, and by reason of the matters alleged in this Complaint, defendant SOUTH HARMONY SHIPPING is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

22. At all times material herein, and by reason of the matters alleged in this Complaint, defendant PIONEER SHIP MANAGEMENT is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

23. At all times material herein, defendant SOUTH HARMONY SHIPPING, defendant PIONEER SHIP MANAGEMENT, in addition to defendant SIGCO, the latter solely up to the monetary limits of its statutory and regulatory liability, were agents of each other and are therefore responsible and liable, jointly and severally, for all of each of

the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

**GENERAL ALLEGATIONS**

24. On or about October 30, 2009, the oil tanker DUBAI STAR, while in the navigable waters of the United States, discharged oil into the navigable waters of the United States and adjoining shorelines. The foregoing discharge, including other acts and omissions to be established according to proof at trial, are hereafter referred to as the "OPA Incident", said term "OPA" referring to the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

25. The OPA Incident was proximately caused, *inter alia*, by the acts, omissions, and strict liability of oil tanker DUBAI STAR, her owners, crew, agents, servants, employees, and others for whom DEFENDANTS were responsible, all within the privity and knowledge of DEFENDANTS.

26. Following the OPA Incident, emergency response services were provided to respond to the OPA Incident by NRC Environmental Services ("NRCES"). After being presented with a claim by NRCES under 33 U.S.C. § 2713 (a), DEFENDANTS failed and refused to pay the full costs associated with the removal of the discharge and pollution caused by the OPA Incident.

27. On or about February 3, 2010, NRCES submitted a claim to obtain reimbursement from the Fund under the OPA for its uncompensated response costs and damages resulting from the incident.

VERIFIED COMPLAINT 6

28. Acting as the Fund's Trustee, the U.S. Coast Guard's National Pollution Funds Center ("NPFC") adjudicated the claim submitted by NRCES and determined that some of the response costs and damages claimed by NRCES were compensable under the OPA. As a result, on or about March 7, 2011, the NPFC processed compensation from the Fund to reimburse some of the response costs and damages claimed by NRCES under the OPA.

29. After the Fund reimbursed NRCES for its uncompensated response costs and damages under the OPA, the NPFC demanded reimbursement for all the outstanding response costs and damages owed by the DEFENDANTS. Despite this demand, DEFENDANTS have failed and refused to reimburse all of the response costs and damages that they are liable for under the OPA.

30. As a result of the OPA Incident and as a result of failure by DEFENDANTS to pay the full costs of removal of the discharge and pollution, in excess of $474,448 remains as an unpaid balance from monies expended from the Oil Spill Liability Trust Fund.

31. The precise amount of unpaid removal costs and damages sustained by the United States presently exceeds $474,448, the exact amount of said removal costs and damages to be established according to proof at the time of trial, plus interest, administrative charges, costs, disbursements, statutory attorneys' fees, and penalties.

32. The United States reserves the right to amend this Complaint to add parties and/or assert additional causes of action.

VERIFIED COMPLAINT 7

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### SOUTH HARMONY SHIPPING, PIONEER SHIP MANAGEMENT, AND SIGCO
### (OIL POLLUTION ACT OF 1990)

33.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

34.     Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

35.     Under the circumstances herein, SOUTH HARMONY SHIPPING and PIONEER SHIP MANAGEMENT are liable to the United States of America, without limitation, for all the aforesaid costs, damages, and/or disbursements sustained by the United States as a result of the OPA Incident. Defendant SIGCO is also liable to the United States for all the aforesaid costs, damages, and/or disbursements sustained by the United States, but SIGCO's liability is subject to monetary limits established by the applicable statutes and regulations.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST SOUTH HARMONY SHIPPING, PIONEER SHIP MANAGEMENT, AND SIGCO
### (OIL POLLUTION ACT OF 1990)

36.     Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

37. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

38. As a result of the OPA Incident, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

39. Pursuant to the Oil Pollution Act of 1990, SOUTH HARMONY SHIPPING, PIONEER SHIP MANAGEMENT, and SIGCO are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund.

40. The aforesaid unpaid costs, damages, and/or disbursements of the Fund, as provided in the Oil Pollution Act of 1990, are presently in excess of $474,448.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST
SOUTH HARMONY SHIPPING, PIONEER SHIP MANAGEMENT
(OIL POLLUTION ACT OF 1990)**

41. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

42. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions that DEFENDANTS are liable for removal costs and damages in any such subsequent action or actions.

**WHEREFORE**, the United States of America prays as follows:

VERIFIED COMPLAINT 9

1. That United States of America be granted judgment against SOUTH HARMONY SHIPPING, PIONEER SHIP MANAGEMENT, and SIGCO pursuant to the verified complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against SOUTH HARMONY SHIPPING and PIONEER SHIP MANAGEMENT for pollution removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3. The United States expressly reserves the right to amend this Complaint to add parties and/or causes of action, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: February 27, 2014.      STUART F. DELERY
                                Assistant Attorney General
                                MELINDA L. HAAG
                                United States Attorney
                                R. MICHAEL UNDERHILL
                                Attorney in Charge, West Coast Office

                                s/ Vickey L. Quinn
                                VICKEY L. QUINN
                                Trial Attorney
                                U. S. Dept. of Justice

                                Of Counsel

                                THOMAS H. VAN HORN
                                National Pollution Funds Center
                                United States Coast Guard

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

VERIFIED COMPLAINT                   10

**VERIFICATION**

Vickey L. Quinn says:

    I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

    I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: February 27, 2014.        <u>s/ Vickey L. Quinn</u>
                                         VICKEY L. QUINN